**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| EDWARD LEE HAM, JR., | : |
| Petitioner, | : |
| VS. | : 7 : 10-CV-40 (HL) |
| BARRY GOODRICH, Warden, | : |
| Respondent. | : |

**RECOMMENDATION**

Presently pending in this § 2254 action are the Respondent's Motion to Dismiss the Petition as Untimely (Doc. 10) and Motion to Dismiss Attorney General Baker as an Improper Party Respondent (Doc. 11). The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was executed on April 5, 2010, and filed on April 19, 2010.

The Petitioner was convicted of two counts of aggravated sodomy and two counts of child molestation in the Superior Court of Thomas County in 1993. Petitioner was sentenced to twenty (20) years on each count, to be served consecutively. Petitioner's convictions and sentences were affirmed on direct appeal on September 26, 1994. *Hamm v. State*, 214 Ga. App. 705, 448 S.E.2d 773 (1994).[1]

---

[1] The Petitioner's last name is spelled "Ham" in this federal habeas petition, but appears as "Hamm" in the Georgia Court of Appeals' records.

On December 27, 1995, the Petitioner filed his first state habeas petition in the Superior Court of Thomas County. (Doc. 13-2). The state habeas court denied relief on June 23, 1997 and the Petitioner did not file an application for a certificate of probable cause to appeal the denial of relief. (Doc. 13-3).

The Petitioner filed his second state habeas petition on April 30, 2002. (Doc. 13-4). This petition was dismissed as successive on March 17, 2003. (Doc. 13-5). The Petitioner filed his third state habeas petition on September 28, 2005, which was also dismissed as successive on March 14, 2006. (Docs. 13-8, 13-9). Petitioner's application for a certificate of probable cause to appeal the dismissal of his third state habeas petition was dismissed on October 31, 2006. (Doc. 13-10).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

In *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996. Thus, these prisoners were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction. *See also*, *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998).

2

Pursuant to Rule 38 of the Rules of the Georgia Supreme Court and Rule 38 of the Rules of the Georgia Court of Appeals, Petitioner had ten (10) days from the September 26, 1994 appellate decision affirming his convictions and sentences to either move for reconsideration in the Georgia Court of Appeals or file a notice of intent to apply for certiorari to the Georgia Supreme Court. As Petitioner pursued neither option following the affirmance of his convictions and sentences, his conviction became final on October 6, 1994, the date on which the ten-day period for filing a notice of intent to seek further appellate review expired. *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006).

As Petitioner's conviction became final prior to the passage of the AEDPA, Petitioner had until April 23, 1997 in which to file this federal petition or toll the limitations period by properly filing an application for state post-conviction or other collateral review. *Wilcox*, 158 F.3d at 1209. The Petitioner's first state habeas petition was filed on December 27, 1995 and was pending when the AEDPA's period of limitations provision went into effect, thereby tolling the limitations period. Petitioner's first state habeas petition was denied on June 23, 1997, and the limitations period began to run again on July 23, 1997, thirty days after the petition was denied and Petitioner's thirty-day period for filing an application for a certificate of probable cause to appeal expired.

The Petitioner then waited until April 30, 2002, almost five (5) years later, to file his second state habeas petition. The one-year period of limitations had completely run by the time the Petitioner filed his second state habeas petition. The Petitioner's filing of this federal habeas petition was therefore clearly untimely, and the tolling provision of § 2244(d)(2) does not afford the Petitioner any protection.

Additionally, the Petitioner has not established the basis for equitable tolling of the

limitations period. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief. Finally, although he argues the merits of his Petition in responding to the Motion to Dismiss, the Petitioner has not set forth any probative evidence of actual innocence. A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

In regard to Respondent's Motion to Dismiss Attorney General Baker as an Improper Party Respondent, the Court notes that by Order dated June 15, 2010, the Court adopted the Report and Recommendation that Baker be dismissed and Respondent Baker was terminated as a Party Respondent herein. (Docs. 7, 8). Accordingly, the Respondent's Motion to Dismiss Attorney General Baker is moot.

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss Petition as Untimely be **GRANTED**. Furthermore, it is recommended that Respondent's Motion to Dismiss Attorney General Baker as an Improper Party Respondent be **DENIED** as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy

of this recommendation.

**SO RECOMMENDED**, this 21st day of January, 2011.

                                                **S/ *THOMAS Q. LANGSTAFF***
                                                **UNITED STATES MAGISTRATE JUDGE**

asb