**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| EDWARD LEE HAM, JR., <br><br> Petitioner, <br><br> v. <br><br> BRIAN OWENS, Commissioner, <br><br> Respondent. | Civil Action 7:10-CV-40 (HL) |

**ORDER**

The Recommendation (Doc. 19) of United States Magistrate Judge Thomas Q. Langstaff, entered January 21, 2011, is before the Court. Judge Langstaff recommends that Respondent's Motion to Dismiss Petition as Untimely (Doc. 10) be granted and Respondent's Motion to Dismiss Attorney General Baker as an Improper Party Respondent (Doc. 11) be denied as moot.

Petitioner has filed a written objection to the Recommendation to grant the Motion to Dismiss Petition as Untimely. The Court has made a *de novo* review of that portion of the Recommendation.

The record shows that the petition before the Court is untimely. Petitioner contends, however, that his untimely filing is excused by the doctrine of equitable tolling.

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition. However, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline. . . ." Helton v. Sec'y for Dep't of Corr.,

259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is "limited to rare and exceptional circumstances," Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd* 549 U.S. 327, 127 S.Ct. 1079 (2007), and is available only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id. (quotation omitted). It is the petitioner's burden to show that equitable tolling is warranted. See Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner claims in his objection that he is entitled to equitable tolling of the statute of limitations because he is illiterate, does not have an understanding of the law, and is mildly mentally retarded. The law is clear that being unfamiliar with the legal process, whether because of illiteracy or another reason, does not merit equitable tolling. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). As for Petitioner's mental impairment claim, mental impairment is not a *per se* reason to toll a statute of limitations. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citations omitted). Rather, the alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition. Id. (citing Lawrence, 421 F.3d at 1226-27). While Petitioner contends that he is mildly mentally retarded, he has done nothing to establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition." Lawrence, 421 F.3d at 1226-27. He certainly has not presented any evidence of mental incapacity or how his alleged mental incapacity kept him from timely filing his petition. See Lawrence, 549 U.S. at 337 ("[Petitioner] has made no factual showing of mental incapacity . . . [and] has fallen

short of showing 'extraordinary circumstances' necessary to support equitable tolling."); Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010) ("[Petitioner] must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'" (citation omitted)). Further, the Court has reviewed the various transcripts, orders, and other documents from Petitioner's trial and previous habeas petitions, and nothing in those documents leads the Court to believe that equitable tolling on the basis of mental incapacity is appropriate.

Petitioner's objections are overruled. The Recommendation (Doc. 19) is adopted and made the order of this Court. Respondent's Motion to Dismiss Petition as Untimely (Doc. 10) is granted. Respondent's Motion to Dismiss Attorney General Baker as an Improper Party Respondent (Doc. 11) is denied as moot. Petitioner's § 2254 petition is dismissed.

**SO ORDERED**, this the 9th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh